Robert D. Williams v. Commissioner.
Williams v. Commissioner
Docket No. 43292.
United States Tax Court
T.C. Memo 1955-327; 1955 Tax Ct. Memo LEXIS 11; 14 T.C.M. (CCH) 1283; T.C.M. (RIA) 55327; December 15, 1955
A. Russell Beazley, Jr., Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent has determined deficiencies in the petitioner's income tax and additions to tax under section 293(b), 50 per cent; under section 291(a), 25 per cent; and section 294(d), as follows: Sec. 293(b)
Sec. 291(a)
Sec. 294(d)
Year
Deficiency
Penalty
Penalty
Penalty
1945
$477.00
$238.50
$119.25
1946
584.00
292.00
146.00
1947
935.15 *
467.58
233.79
1948
393.00
196.50
98.25
1949
402.00
201.00
100.50
1950
612.38
306.19
153.10
$97.98
*12 On August 11, 1952, taxpayer filed his petition challenging the correctness of the stated deficiencies. The petition admits no income tax returns were filed for the years involved. On October 3, 1952, respondent filed his answer, denying the material allegations of the petition and alleging the deficiencies for the calendar years involved were due to fraud with intent to evade tax, and the answer contained allegations of facts to be relied upon to establish the fraud. After proper application, Washington, D.C., was designated as the place of trial, by order dated October 9, 1952. On November 28, 1952, respondent made a motion for order that undenied allegations of the answer be admitted. On December 2, 1952, Chief Judge Kern issued an order that petitioner show cause on or before January 14, 1953, why the prayer of respondent's motion of November 28, 1952, should not be granted. By a later order, dated December 31, 1952, the time for petitioner to show cause was extended to February 18, 1953. On February 18, 1953, petitioner filed a motion for further extension of time within which to reply, until April 15, 1953. The latter motion was granted the day it was filed and hearing on the *13 order to show cause was continued until April 15, 1953. On April 15, 1953, the following order was made: "This proceeding came on for hearing April 15, 1953, at Washington, D.C., upon the Court's order to show cause dated December 31, 1952. There was no appearance by or on behalf of petitioner, nor did petitioner offer any response to the order. Accordingly, it is ORDERED, that the order to show cause is made absolute and respondent's motion filed November 28, 1952, is granted." On December 5, 1955, the proceeding was called from the calendar for hearing on the merits, the petitioner having been given due notice of its placement on the December 5, 1955, Washington, D.C., calendar. There was no appearance by or on behalf of the petitioner. Counsel for respondent made oral motion to dismiss for failure properly to prosecute and he stated the issue of fraud could be submitted on the pleadings. The motion to dismiss the petition for failure properly to prosecute is sustained. This ruling in effect sustains the respondent's determination of deficiencies and all additions, with the exception of the 50 per cent additions for fraud raised in respondent's answer. Since the allegations *14 of fraud in the answer were undenied, after the granting of ample opportunity for such denial, and they were ordered deemed admitted by our last order of April 15, 1953, we decide that issue in favor of respondent. Respondent's determination of deficiencies and all additions thereto is sustained. Decision will be entered for the respondent. Footnotes
*. The figure "$935.15" was substituted for the figure "$925.15" pursuant to Official Order of the Tax Court, dated December 20, 1955, and signed by Judge Mulroney.↩